NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted February 25, 2009[*]
Decided March 23, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-1738

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 06-CR-20067 |
| FRANCISCO ANTONIO VILLALOBOS, *Defendant-Appellant.* | Michael P. McCuskey, *Chief Judge.* |

**O R D E R**

Nine months following his criminal conviction Francisco Villalobos asked the district court to order his defense attorney to send him his case file. The court denied the request on the merits and then rejected Villalobos's motion to reconsider the denial. Villalobos appeals the court's denial of his motion to reconsider, and we affirm.

Villalobos pleaded guilty to kidnapping, *see* 18 U.S.C. § 1201, and firing a gun during the offense, see 18 U.S.C. § 924(c)(1)(A)(iii), and was sentenced to two consecutive terms

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

totaling 382 months' imprisonment. He filed a notice of appeal, but later voluntarily dismissed his appeal. *See* FED. R. APP. P. 42(b); *United States v. Villalobos*, No. 07-2045 (7th Cir. May 22, 2007) (unpublished order).

About nine months after the entry of his final judgment of conviction, Villalobos asked the district court to order his attorney to provide him with his entire case file, including discovery. He explained that he wanted the discovery material to "compare the strength of the government's case against the advice of counsel to plead guilty and dismiss the appeal," and to "make a good faith determination" whether to file a collateral attack under 28 U.S.C. § 2255. After directing the government and Villalobos's attorney to respond, the court denied the request, explaining that discovery material should not be available to prisoners for uncontrolled use in prison. Furthermore, the court continued, Villalobos had not offered sufficient reasons to justify disclosure of the remainder of the lawyers' file. Villalobos did not appeal that ruling.

Two months later, Villalobos asked for reconsideration of his earlier request for the case file, reiterating his desire for the materials to explore "any potential issues of merit that may be raised in a collateral proceeding." The district court denied that motion too, on March 14, 2008. The court stated that Villalobos was simply seeking to "conduct a fishing expedition" and had not shown that he is entitled to the information. The court further commented that if Villalobos files a § 2255 motion, he may then petition the court for discovery under Rule 6 of the Rules Governing Section 2255 Proceedings.

Villalobos's appeal is timely only as to the order denying reconsideration. *See* FED. R. APP. P. 4(b)(1)(A)(i). Villalobos, however, misunderstands the scope of his appeal. In his appellate brief he contends only that the government violated the Jencks Act, 18 U.S.C. § 3500, by failing to provide him with witnesses' statements after they testified at his sentencing hearing. But Villalobos voluntarily dismissed his direct appeal where he might have challenged the sentence on that ground. He cannot circumvent that choice now by using the guise of this appeal to attack his sentence under the Jencks Act. And his failure to make any argument challenging the court's denial of his motion for reconsideration—the only order before us—means that any relevant argument has been waived. *See Argyropoulos v. City of Alton*, 539 F.3d 724, 738-39 (7th Cir. 2008); *Garg v. Potter*, 521 F.3d 731, 736 (7th Cir. 2008). In any case, Villalobos gave the district court no valid reason to disturb its earlier ruling denying him the case file, and the court did not err in denying the motion for reconsideration.

Accordingly, the decision of the district court denying Villalobos's motion for reconsideration is AFFIRMED.